UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**RENEE BELARDO**,                                             :
                                                               :
                              Petitioner,                      :
                                                               :   **MEMORANDUM AND ORDER**
                – against –                                    :   21-MC-1016 (AMD)
                                                               :
**UNITED STATES OF AMERICA**,                                  :
                                                               :
                              Defendant.                       :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the petitioner's motion to expunge her criminal record.  As explained below, the Court does not have the power to expunge a defendant's criminal record.  Accordingly, I must deny the motion.

## BACKGROUND

On April 19, 2017, the petitioner pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base.  (*United States v. Belardo*, No. 16-CR-297, April 19, 2017 Minute Entry.)  On September 19, 2017, I sentenced her to a one-year term of probation.  (*Belardo*, September 19, 2017 Minute Entry.)  On March 29, 2021, the petitioner, proceeding *pro se*, brought this action to expunge her criminal record.  (ECF No. 1.)  In support of her motion, the petitioner points out that she has served her probationary sentence and has not only stayed out of trouble, but is working while attending school.  (*Id.* at 2)  She explains that her criminal record is an impediment to career advancement.  (*Id.*)

## LEGAL STANDARD

Federal courts "are courts of limited jurisdiction.  Even where the parties are satisfied to present their disputes to the federal courts, the parties cannot confer subject matter jurisdiction

where the Constitution and Congress have not." *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016) (citation omitted). Federal courts "retain subject matter jurisdiction over criminal cases even after judgment has been entered," as well as ancillary jurisdiction "aimed at enabling a court to administer justice *within the scope of its jurisdiction*." *Id.* at 196-97 (emphasis in original). But federal courts generally "do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress." *United States v. King*, No. 14-CR-00357, 2017 WL 4326492, at *1 (E.D.N.Y. Sept. 28, 2017). Once a defendant has served her sentence and the court's decrees have "long since expired," expunging a record of conviction on equitable grounds "is entirely unnecessary to 'manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees." *Doe*, 833 F.3d at 198 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

## DISCUSSION

I commend the petitioner on the efforts she has made since her conviction. Not only is she leading a law-abiding life, she is employed and is attending school. I am also sympathetic to the petitioner's situation; a criminal record obviously makes it harder to find a job or to further a career. Nevertheless, I do not have the power to grant the relief the petitioner seeks. The petitioner does not challenge the validity of her conviction, nor does she identify any statutory exception that would confer jurisdiction on the Court to consider her motion. Consequently, the Court has no jurisdiction to consider the petitioner's motion. *See Doe*, 833 F.3d at 196-97 (explaining that there is no basis for ancillary jurisdiction over motions to seal or expunge the record of a valid conviction); *Cicero v. United States*, No. 19-MC-1143, 2021 WL 2075715, at *1 (E.D.N.Y. May 24, 2021) (stating that "the Court lacks jurisdiction" to consider a motion to expunge or seal a criminal record for a petitioner who pleaded guilty); *United States v. King*, No. 14-CR-00357, 2017 WL 4326492, at *1 (E.D.N.Y. Sept. 28, 2017) (denying "for lack of subject

matter jurisdiction" a motion to expunge or seal a criminal record for a petitioner who pleaded guilty).

As the Second Circuit observed in *Doe*, Congress may well decide to grant expungement for offenders "who . . . want and deserve to have their criminal convictions expunged after a period of successful rehabilitation." *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016). Until that time, however, federal courts are not empowered to provide this relief, no matter how well deserved it may be.

The plaintiff should be aware, however, of protections offered by state law. As the Honorable Pamela Chen explained in the context of a similar petition, New York State and New York City have enacted laws for the benefit of people like the petitioner, "who are qualified to participate in the lawful economy and deserve to be considered for employment irrespective of their criminal histories." *United States v. King*, 2017 WL 4326492, at *2 (E.D.N.Y. Sept. 28, 2017). For example, New York State law prohibits employers from denying or taking adverse action on a job application, because of an applicant's previous conviction, unless there is a "direct relationship" between the offense and the employment sought, or granting employment would involve "unreasonable risk." *See* N.Y. Correct. Law §§ 752-753. Similarly, New York City law prohibits employers from asking about an applicant's criminal history before making a conditional offer of employment. *See* N.Y.C. Admin. Code § 8-107(11-a).

## CONCLUSION

For these reasons, the petitioner's motion to expunge is denied.


**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
   October 26, 2021